# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| JAMES HEYWARD, | * | |
| | * | No. 14-041V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: March 29, 2017 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Danielle A. Strait, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner;
Claudia B. Gangi, U.S. Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION ON FEES AND COSTS[1]**

On March 21, 2016, petitioner moved for $31,454.94 in final attorneys' fees and costs in the above-captioned matter.[2] The Court awards petitioner's total request.

On January 16, 2014, James Heyward filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2012), alleging that the Hepatitis B vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on December 18, 2012, caused him brachial neuritis. The undersigned issued a decision awarding

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] Petitioner previously moved for $33,558.69 in final attorneys' fees and costs on October 4, 2016. That total, however, inadvertently requested an expert fee twice due to a voided check being improperly marked. The corrected amount is $31,454.94.

compensation to Mr. Heyward based on the parties' stipulation.  Decision, 2016 WL 3886293 (June 23, 2016).

Because Mr. Heyward received compensation, he is entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.

\*     \*     \*

Petitioner seeks a total of **$31,454.94** ($23,875.90 in attorneys' fees and $7,579.04 in costs) for his counsel.  In compliance with General Order No. 9, petitioner states that he advanced no monies for reimbursable costs in pursuit of his claim.  For hourly rates, petitioner's counsel, Ms. Strait proposed $295 per hour for 2014 and 2015, and $306 per hour for 2016.  These rates are reasonable and are in line with inflationary adjustments.  See O'Neill v. Sec'y of Health & Human Servs., No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at \*2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").  The hours that Mr. Heyward's counsel worked are reasonable.

In addition to seeking attorneys' fees, the Mr. Heyward seeks an award of costs for his counsel. All costs are reasonable, documented, and are awarded in full.

After reviewing the request, the Court awards the following:

**A lump sum of $31,454.94 in the form of a check made payable to petitioner and petitioner's attorney, Danielle Strait, of Maglio Christopher and Toale, PA, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.